# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
**CHARLES D. AUSTIN**
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

July 30, 2025

LETTER TO ALL COUNSEL OF RECORD

Re:     *Jessica C. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
        Civil No. 24-1947-CDA

Dear Counsel:

On July 5, 2024, Plaintiff Jessica C. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 10) and the parties' briefs (ECFs 11, 13, 14). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision and REMAND the case to the Commissioner for further consideration. This letter explains why.

## I.      PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on January 20, 2021, alleging a disability onset of March 4, 2020. Tr. 19, 185. Plaintiff's claims were denied initially and on reconsideration. Tr. 65, 73. On September 14, 2023, an Administrative Law Judge ("ALJ") held a hearing. Tr. 40-64. Following the hearing, on October 31, 2023, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 16-34. The Appeals Council denied Plaintiff's request for review, Tr. 3-5, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.     THE ALJ'S DECISION

The Social Security Act defines disability as the "inability to engage in any substantial

---

[1] Plaintiff filed this case against the "Commissioner of Social Security" on July 5, 2024. ECF 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

Jessica C. v. Bisignano
Civil No. 24-1947-CDA
July 30, 2025
Page 2

gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

At step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since March 4, 2020, the alleged onset date." Tr. 21. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "carpal tunnel syndrome, bipolar disorder, and posttraumatic stress disorder (PTSD)." Tr. 22. The ALJ also determined that Plaintiff suffered from the non-severe impairments of migraine headaches, hypercholesterolemia, rheumatic disease of the mitral valve, and atherosclerotic heart disease in the native artery with leg edema, pelvic organ prolapse, and first MTP degeneration. Tr. 22-23. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 23. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except the claimant can handle items frequently with the left hand, and she can handle items frequently with the right hand. The claimant has frequent fingering limitations with the left hand and with the right hand. The claimant is able to perform simple, routine, and repetitive tasks. The claimant is able to perform simple, work-related decisions. The claimant is able to interact with supervisors frequently, and she can interact with coworkers and the public occasionally. The claimant cannot perform work requiring hourly quotas or assembly line work.

Tr. 26. The ALJ determined that Plaintiff was unable to perform past relevant work as a hair stylist (DOT[3] #332.271-018) but could perform other jobs that existed in significant numbers in the national economy. Tr. 33. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 34.

---

[3] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

*Jessica C. v. Bisignano*
Civil No. 24-1947-CDA
July 30, 2025
Page 3

### III.    LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.    ANALYSIS

Plaintiff raises one argument on appeal:  that the ALJ "erroneously disregarded a third-party function report authored by Plaintiff's husband." ECF 11, at 6-9; ECF 14, at 1-6. Defendant counters that the ALJ did not commit reversible error in evaluating the third-party function report from Plaintiff's husband. ECF 13, at 6-8.

A claimant's RFC is "the most [they] can still do despite [their] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a). In assessing the RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence[.]" Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *7 (July 2, 1996).

For claims filed on or after March 27, 2017, section 416.920c(d) provides that the ALJ is "not required to articulate how [the ALJ] considered evidence from nonmedical sources using the requirements in paragraphs (a) through (c) in [section 416.920c]." 20 C.F.R. § 416.920c(d). However, contrary to Defendant's assertions otherwise, the revised regulations do not explicitly state that an ALJ may wholly omit any discussion of how the ALJ considered nonmedical evidence.

SSA regulations permit an ALJ to consider evidence from a wide range of medical sources. *See, e.g.*, *Rogers v. Colvin*, No. 15-3921, 2016 WL 4626572, at *13 (S.D.N.Y. Sept. 6, 2016) (quoting former 20 C.F.R. § 404.1513(d)). Some courts have found ALJ decisions deficient for discounting a report because it was "not an acceptable medical source" and "not based on objective medical evidence." *See Mark B. v. O'Malley*, No. GMH-22-1080, 2024 WL 1071052, at *18 (D.D.C. Mar. 12, 2024) (collecting cases). The Fourth Circuit has not taken a position on whether discounting reports on this basis qualifies as harmful error.

*Jessica C. v. Bisignano*
Civil No. 24-1947-CDA
July 30, 2025
Page 4

The Court need not to decide whether to apply the standard in *Mark B.* because the ALJ did not explicitly address the third-party function report submitted by Plaintiff's husband at all. The ALJ's decision contains no discussion of the third-party function report, or any indication that the ALJ considered the third-party function report at all. Such an omission may not amount to harmful error if the report contained "no unique information" and "was undermined by the same substantial record evidence that led the ALJ to discount [Plaintiff's] own testimony." *Melanie A. S. v. Kijakazi*, No. TNM-GMH-21-0185, 2022 WL 1721196, at *17 (D.D.C. May 12, 2022*), report and recommendation adopted*, No. TNM-21-0185, 2022 WL 1718987 (D.D.C. May 27, 2022); *see e.g.*, *Amos v. Berryhill*, No. 17-1707, 2019 WL 4044277, at *12 (D.D.C. June 3, 2019) (concluding that it was not error for the ALJ to fail to explain the weight he assigned to the lay witness' testimony, as it was clear that it was undermined by the same evidence that led the ALJ to discount Plaintiff's own testimony), *report and recommendation adopted sub nom. Amos v. Saul*, 2019 WL 3451313 (D.D.C. July 31, 2019). That is not the case here.

While Plaintiff's husband opined on some of the same limitations that Plaintiff described—which the ALJ rejected—her husband opined on different limitations with respect to Plaintiff's ability to interact with others that the ALJ did not sufficiently address. The ALJ noted that, in Plaintiff's September 2022 function report, Plaintiff "indicated that she had never been fired from a job because of problems getting along with people, but she reported that, 'I scream and yell a lot,' and that 'I do not do change well at all.'" Tr. 26-27. Plaintiff reported that her medications caused her to be tired and moody. Tr. 27. The ALJ noted that, during Plaintiff's testimony, she "complained of agitation if people get too close to her, and she reported having a hard time getting along with coworkers, but she noted being 'okay' with clients." Tr. 27. The ALJ observed that Plaintiff also "testified that she was taken off the schedule at work as a disciplinary action for a verbal argument, but she received a text to come back to work." Tr. 27.

Plaintiff's husband, on the other hand, opined that Plaintiff does "nothing" with others; "fights . . . a lot" with authority figures, such as her boss; had been fired from a job due to problems getting along with others; and has "angry fits."[4] Tr. 218-20. However, the ALJ's RFC assessment states that Plaintiff "is able to interact with supervisors frequently[.]" Tr. 26. A proper evaluation of Plaintiff's husband's function report may alter the ALJ's RFC determination with respect to the frequency of Plaintiff's interaction with supervisors. *See Steven S. v. Kijakazi*, No. 22-3298-BAH, 2023 WL 6465291, at *4 (D. Md. Oct. 3, 2023) (remanding because the ALJ erred by discounting plaintiff's mother's function report, as plaintiff's mother opined to different limitations with respect to plaintiff's ability to deal with stress and changes in routine).

---

[4] The Commissioner notes that the handwriting on both Plaintiff's function report and Plaintiff's husband's function report "appear similar" insinuating that the same person filled out both forms. *See* ECF 13, at 6 n.2. As noted above, the ALJ did not provide any evaluation of the third-party function report by Plaintiff's husband. The Court will not attempt to determine in the first instance the source of the third-party function report and whether it is credible. *Shinaberry v. Saul*, 952 F.3d 113, 123 (4th Cir. 2020) (holding that it is not the Court's role to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ).

*Jessica C. v. Bisignano*
Civil No. 24-1947-CDA
July 30, 2025
Page 5

Internal inconsistencies in the ALJ's decision further frustrate meaningful review. The RFC assessment limited Plaintiff to frequent interaction with supervisors. Tr. 26. Yet, another portion of the ALJ's RFC assessment states that "[t]he ongoing conservative treatment, the mental status findings and the claimant's part-time work activity do not support more than moderate mental limitations, but the persistent complaints of anxiety and irritability were considered in finding that *the claimant can have only occasional interaction with* coworkers, *supervisors*, and the public." Tr. 30 (emphasis added). Moreover, the ALJ found "somewhat persuasive" the opinion of Dr. E. Roskes who opined, among other things, that Plaintiff had a moderate limitation in accepting instructions from supervisors and that Plaintiff could perform tasks that did not require him "to engage much with others[.]" Tr. 31. SSA regulations require the ALJ to "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). Because the ALJ's assessment of Plaintiff's RFC "was internally inconsistent," the Court's ability to trace the ALJ's reasoning is impeded, making remand necessary. *Rodney G. v. Kijakazi*, No. BAH-22-3007, 2023 WL 6465436, at *4 (D. Md. Oct. 3, 2023) (citing *Mallett v. Berryhill*, No. 5:18-CV-241-D, 2019 WL 2932776, at *4 (E.D.N.C. June 17, 2019)).

On remand, in addition to addressing inconsistencies in the previous paragraph, the ALJ must evaluate the third-party function report prepared by Plaintiff's husband in accordance with all relevant SSA regulations. If the ALJ decides to disregard the report, they must support that decision with "reasons germane" to the report's author. *See Roita T.B. v. Berryhill*, No. TMD-18-33, 2019 WL 1316992, at *3 (D. Md. Mar. 22, 2019) ("Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so.") (quoting *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017)). In remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

*Jessica C. v. Bisignano*
Civil No. 24-1947-CDA
July 30, 2025
Page 6

## V.    <u>**CONCLUSION**</u>

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis.  The case is REMANDED for further proceedings in accordance with this opinion.  The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.


Sincerely,


/s/


Charles D. Austin
United States Magistrate Judge